Friday, 17 February, 2012  11:40:21 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

FRANK STALLWORTH,

    Plaintiff,

v.    12-CV-4004

JOHN DOE et al.,

    Defendants.

## **OPINION**

    Plaintiff, proceeding pro se and currently detained in the Rock Island County Jail, seeks leave to proceed on claims arising from alleged excessive force against him. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

*Merit Review Standard*

    Section 1915A requires the Court to identify cognizable claims and to dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

    The merit review standard is the same as the motion to dismiss standard. To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The Court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

*Allegations*

On December 22, 2011, Plaintiff was booked into the Rock Island County Jail. He was given a jumpsuit that was too small, and not given any underwear or socks. Plaintiff was allowed his one free phone call, which he made to his girlfriend, but was directed to get off the phone after only ten seconds. Plaintiff remarked to his girlfriend that "these mother f------- [are] making me get off the phone." The phone was snatched from Plaintiff, and unidentified officers wrenched Plaintiff's arms behind him, escorting him to a separate room. Plaintiff was then allegedly directed to get on his stomach, but he could not comply because both of his legs were broken. An officer allegedly kneed Plaintiff in the face, someone stepped on his broken legs, and someone started choking Plaintiff. Plaintiff was then strapped into a chair and a mask was pulled over his face. Plaintiff passed out. Later, Plaintiff was placed in a segregation cell where he remains. In his Complaint, Plaintiff alleges that he has not been given any toilet paper or mail in segregation. In a letter filed after the Complaint, Plaintiff further alleges that he has not been given any soap or toilet paper, is harassed and taunted over the intercom, sometimes does not receive his hour out of the cell, and cannot go to commissary. He further alleges that his breakfast is thrown on the floor, though how often this occurs is not stated.

*Analysis*

Plaintiff is presumably a pretrial detainee, which means that his claim arises from the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition against cruel and unusual punishment. The exact legal standard for an excessive force claim under the due process clause is subject to reasonable debate. *See Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment."); *Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . ."). However, the debate is irrelevant at this point, since Plaintiff clearly states an excessive force claim under even the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline."). Plaintiff also states an arguable claim against the officers for failing to obtain medical treatment for him after the alleged assault. *See Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir.1996) (jury question existed on "whether the plaintiffs were in sufficient pain to entitle them to pain medication within the first 48 hours after the beating").[1]

---

[1]Unlike the excessive force claim, it is well settled that the same legal standard applies to claims of medical indifference by pretrial detainees and prisoners. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 n.2 (7th Cir. 2010)("[W]e apply the same legal standard to a claim alleging deliberate indifference to an inmate's medical needs, whether filed under the Eighth or Fourteenth Amendment."); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009)("In

Additionally, the Court cannot rule out a claim arising from Plaintiff's placement in segregation. The Seventh Circuit has stated, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. . . . But no process is required if he is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002)(citations omitted). A more developed record may show that Plaintiff's segregation is warranted, but that determination is premature.

Lastly, Plaintiff states an arguable claim that his conditions in segregation are unconstitutional. He appears to allege the denial of basic hygiene necessities such as toilet paper, a lack of time out of the cell, and his breakfast served to him on the floor. *See Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008)(civilly committed detainee is constitutionally entitled to "'humane conditions'" and the provision of "'adequate food, clothing, shelter, and medical care'")(*quoting Farmer v. Brennan*, 511 U.S. 825, 932 (1994)).

The problem with Plaintiff's claims is that he names no defendants: he does not identify the individuals responsible for these actions. Only the individuals personally responsible for these deprivations can be held liable under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)("Only persons who cause or participate in the [constitutional] violations are responsible.").

Plaintiff does name a Correctional Officer "Mandoze" in his letter (d/e 4) regarding the conditions in segregation. Mandoze will accordingly be added as a defendant. Given Plaintiff's pro se status, the Court will add the Jail Administrator as a defendant, to enable Plaintiff to serve discovery requests to determine the identity of the officers individually responsible. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)(to assist a pro se plaintiff in identifying defendants, court may "allow[] the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible."). If Plaintiff already knows the names of those officers, he should file the names immediately.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for February 22, 2012, is cancelled. The clerk is directed to notify the Jail of the cancellation.

2) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following Fourteenth Amendment claims: 1) excessive force arising from the incident on December 22, 2011; 2) indifference to Plaintiff's medical needs following that excessive force; 3) placement in segregation without procedural due process or a legitimate penological reason;

---

some contexts, such as claims of deliberate indifference to medical needs, the Eighth and Fourteenth Amendment standards are essentially interchangeable.")

and, 4) inhumane conditions of confinement in segregation.

3) The clerk is directed to add the following persons as defendants: Jail Administrator Bill Kauzlarich and Jail Officer Mandoze.

4) If Plaintiff knows the names of the individual officers personally responsible for the alleged violations, he must file those names by February 29, 2012.

5) This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and the scheduling order.

6) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

Entered this    17th    Day of     February , 2012.

                                    s/Sara Darrow
                                    SARA DARROW
                            UNITED STATES DISTRICT JUDGE